JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant James Allen ("Allen") appeals his conviction in Cuyahoga County Common Pleas Court for aggravated burglary. Finding no error in the proceedings below, we affirm.
 {¶ 2} Allen was charged with two counts of aggravated burglary, one count of intimidation, one count of menacing by stalking, one count of abduction, and one count of retaliation, all charges arising out of several incidents involving the same victim over the course of several months. Allen pled not guilty and opted for a jury trial.
 {¶ 3} The victim, Allen's ex-girlfriend, testified regarding many incidents involving Allen. The victim stated that Allen broke into her house on two separate occasions, April 25, 2003 and May 4, 2003. She also testified that he would watch her house from across the street. Finally, she testified that Allen confronted her at a stoplight and told her she better not press charges.
 {¶ 4} At the close of the state's case, Allen moved for a Crim.R. 29 dismissal as to all counts in the indictment. The trial court granted the motion with regard to the abduction and retaliation counts. Thereafter, Allen rested and the remaining counts went to the jury. The jury found Allen guilty of aggravated burglary for acts occurring on May 4, 2003, and not guilty on all remaining counts.
 {¶ 5} Allen appeals, advancing three assignments of error for our review. Allen's first assignment of error states:
 {¶ 6} "The trial court erred in failing to sustain defendant's objections to narrative testimony of the witness/alleged victim."
 {¶ 7} Allen contends that he was prejudiced by the victim's narrative testimony, which included irrelevant matters. This argument is without merit.
 {¶ 8} When a defendant has objected to an error in the trial court, an appellate court reviews the error under the "harmless error" standard set forth in Crim.R. 52(A). That rule declares that any error, defect, irregularity, or variance that does not affect substantial rights shall be disregarded as harmless.
 {¶ 9} A review of the transcript reveals that when Allen objected to the victim's narrative testimony, the state posed a new question. Although tedious at times, the victim's testimony did not affect a substantial right. She did not go on for pages without interruption, as Allen suggests, and her testimony directly related to their relationship, which was at issue in this case.
 {¶ 10} At other points in the testimony, the victim did continue on at length and Allen did not object. If a defendant fails to raise an error affecting substantial rights at trial, an appellate court reviews the error under the "plain error" standard set forth in Crim.R. 52(B). Under that rule, the defendant bears the burden of demonstrating that a plain error affected his substantial rights.
 {¶ 11} In this case, Allen has not demonstrated how the victim's testimony affected a substantial right. Allen's first assignment of error is overruled.
 {¶ 12} Allen's second assignment of error states:
 {¶ 13} "The trial court erred in failing to grant defendant's motion for judgment notwithstanding the verdict on count one, considering the verdicts on all of the other counts."
 {¶ 14} Allen argues that the trial court should have granted his motion for judgment notwithstanding the verdict because the verdict was not supported by sufficient evidence and it was against the manifest weight of the evidence.
 {¶ 15} Initially, we note that the Criminal Rules do not provide for motions for "judgment notwithstanding the verdict." See Cleveland Hts.v. Richardson (1983), 9 Ohio App.3d 152, 153. Instead, Allen's motion should have been styled as a Crim.R. 29(C) motion for acquittal after the verdict. State v. Skaggs (Feb. 8, 1990), Cuyahoga App. No. 56570. However, we will construe Allen's motion for judgment notwithstanding the verdict to be a motion for acquittal made after the verdict. We apply the same standard to postjudgment motions for acquittal made pursuant to Crim.R. 29(C) as to prejudgment motions for acquittal made pursuant to Crim.R. 29(A). State v. Misch (1995), 101 Ohio App.3d 640, 649-650, citing State v. Beehive Ltd. Partnership (1993), 89 Ohio App.3d 718,723.
 {¶ 16} When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Leonard, 104 Ohio St.3d 54, 67, 2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 17} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Leonard, 104 Ohio St.3d at 68 (internal quotes and citations omitted).
 {¶ 18} Hence, the test for sufficiency requires a determination of whether the state has met its burden of production at trial, whereas a manifest weight challenge questions whether the state has met its burden of persuasion. State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring).
 {¶ 19} Here, Allen contends that the evidence is lacking to support a conviction for aggravated burglary because a majority of the victim's testimony was only in regard to background information concerning the relationship between Allen and the victim. Further, Allen argues that there was no evidence that he went to the victim's house with the purpose to harm or scare her. Finally, Allen argues that because he was found not guilty on all other counts, the jury clearly lost its way on the remaining count of which he was found guilty.
 {¶ 20} Allen was convicted of one count of aggravated burglary in violation of R.C. 2911.11(A)(1), which states in pertinent part, "No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if any of the following apply: (1) the offender inflicts, or attempts or threatens to inflict physical harm on another * * *."
 {¶ 21} When the disputed issue is a defendant's culpable mental state, such as Allen's purpose, proof must be derived from circumstantial evidence, because direct evidence will not usually be available. Statev. Lott (1990), 51 Ohio St.3d 160, 168. It is well settled that the state may rely on circumstantial evidence to prove an essential element of an offense, because "circumstantial evidence and direct evidence inherently possess the same probative value[.]" State v. Jenks (1991),61 Ohio St.3d 259, paragraph one of the syllabus. "`Circumstantial evidence' is the proof of certain facts and circumstances in a given case, from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind."State v. Duganitz (1991), 76 Ohio App.3d 363, quoting Black's Law Dictionary (5 Ed. 1979) 221. "Since circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt." Jenks, 61 Ohio St.3d at 272. Although inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. Lott, 51 Ohio St.3d at 168. Therefore, the jury may employ a series of facts or circumstances as the basis for its ultimate conclusion. Id. In this case, the evidence revealed that the victim had repeatedly tried to end her relationship with Allen; however, he continued to call and come over uninvited. On May 4, 2003, Allen broke down the victim's door and swung at her. Both the victim and her daughter testified to the same. Furthermore, there were pictures depicting the damage to the door. From the evidence presented, the jury could have reasonably inferred that Allen intended to harm the victim. Therefore, we find that after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the aggravated burglary proven beyond a reasonable doubt.
 {¶ 22} Further, after examining the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we find that the jury verdict is not against the manifest weight of the evidence. Simply because Allen was found not guilty of the other charges does not mean that the jury lost its way when it found him guilty of the second burglary charge. In this case, there was corroborating evidence to support the victim's allegations regarding the May 4 burglary. Either the jury felt that the elements were not met for the other two remaining charges, or it did not believe the victim without corroborating evidence.
 {¶ 23} Allen's second assignment of error is overruled.
 {¶ 24} Allen's third assignment of error states:
 {¶ 25} "The trial court erred by failing to allow the defendant to fully cross-examine the witness/alleged victim regarding prior false police reports."
 {¶ 26} A trial court shall exercise reasonable control over the manner and order of interrogating witnesses. Evid.R. 611(A). The trial court shall allow cross-examination "on all relevant matters and matters affecting credibility." Evid.R. 611(B). The scope of cross-examination lies within the trial court's discretion. State v. Slagle (1992),65 Ohio St.3d 597, 605. This court will not reverse a trial court's ruling on the scope of cross-examination absent an abuse of that discretion. Id.
 {¶ 27} Evid.R. 608(B) states: "[s]pecific instances of conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of a crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness * * *."
 {¶ 28} Here, Allen inquired about a prior incident between the victim and one of her previous boyfriends. The victim was asked if her previous boyfriend had hit her in the head with a baseball bat, and she responded "no." She indicated that it was her son who hit her. The state objected, and there was a side bar. The state argued that the line of questioning was irrelevant, while Allen argued that it went to her credibility. The court allowed Allen to cross-examine her on whether she had, in fact, made a police report. Allen asked if she had filed a police report against her previous boyfriend, to which she responded "yes." Allen then asked if the police report was false, and she responded "yes" before the court could sustain the objection.
 {¶ 29} Later, the transcript reveals, Allen went into a whole line of questioning regarding the victim's false police report. The victim admitted that she had made a false report against her ex-boyfriend with regard to the baseball bat incident. Allen was not limited in his inquiry into the matter.
 {¶ 30} We find Allen's argument to be without merit. Even if Allen had been limited in his cross-examination, which he was not, it was in the trial court's discretion to limit the cross-examination. The only relevant issue was whether the victim had made a false police report; the details of the report were not relevant to this case.
 {¶ 31} Allen's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Kilbane, J., Concur.